IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KENNY LEE MATHESON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CRIMINAL NO. 02-0161-CG |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**ORDER**

This matter is before the court on petitioner's motion to recuse (Doc. 150). The motion is predicated on the contention that the undersigned "has shown bias and an abuse of discretion in her rulings and decisions pertaining to Petitioner's case on different accasions [sic] which have prejudices [sic] Petitioner and resulted in a total miscarriage of justice in a way that Petitioner's substantial rights have been violated." (Id. at 1). Petitioner's dissatisfaction with the court's orders and rulings on his various motions in this case do not support recusal.

Section 455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The standard embodied by § 455(a) and (b)(1)[1] is an objective one: "The test is whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." McWhorter v. City of Birmingham,

---

[1] 28 U.S.C. 455(b)(1) provides that a judge must recuse himself "where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."

1

906 F.2d 674, 678 (11th Cir. 1990) (citing  Parker v. Conners Steel Co., 855 F.2d 1510, 1524 (11th Cir. 1988), cert. denied, 490 U.S. 1066 (1989)); see also, Perkins v. Spivey, 911 F.2d 22, 33 (8th Cir. 1990) ("Disqualification is appropriate only if the facts would provide an objective, knowledgeable member of the public with a reasonable basis for doubting the judge's impartiality.").  The Supreme Court examined the objectivity standard applicable to §§ 455(a) and (b)(1) in Liteky v. United States, 510 U.S. 540 (1994), and held that subsection (a) of § 455 is a "'catch-all' recusal provision, covering both 'interest and relationship' [as spelled out in subsections (b)(2) through (b)(5) of § 455] and 'bias and prejudice' [as described in subsection (b)(1)of § 455] grounds, see Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847 (1988)- - but requiring them all to be evaluated on an objective  basis, so that what matters is not the reality of bias and prejudice but its appearance." 510 U.S. 548 (emphasis in original).  The Supreme Court also concluded:

> [T]he pejorative connotation of the terms "bias" and "prejudice" demands that they be applied only to judicial predispositions that go beyond what is normal and acceptable. We think there is an equivalent pejorative connotation, with equivalent consequences, to the term "partiality." . . .  "Partiality" does not refer to all favoritism, but only to such as is, for some reason, wrongful or inappropriate.  Impartiality is not gullibility.  Moreover, even if the pejorative connotation of "partiality" were not enough to import the "extrajudicial source" doctrine [that the alleged bias and prejudice to be disqualifying must stem from an extrajudicial source] into § 455(a), the "reasonableness" limitation (recusal is required only if the judge's impartiality "might reasonably be questioned") would have the same effect.  To demand the sort of "child-like innocence" that elimination of the "extrajudicial source" limitation would require is not reasonable.

Id. at 552 (emphasis in original).

Under § 455 "an allegation of bias sufficient to require disqualification must demonstrate that the bias is personal as distinguished from judicial in nature [and] [t]he alleged bias and prejudice, in order to be personal and therefore disqualifying, 'must stem from an extrajudicial

source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case.'"  Jaffe v. Grant, 793 F.2d 1182, 1188-89 (emphasis added), (quoting United States v. Phillips, 664 F.2d 971, 1002-03 (5th Cir. Unit B 1981)).

As applied to the present case, the petitioner fails to demonstrate, or even allege, that the undersigned exhibits any personal bias stemming from an "extrajudicial source."  It follows that petitioner's averments do not constitute adequate grounds for presuming the existence of such "deep-seated and unequivocal antagonism that would render fair judgment impossible" and thus for mandating recusal under either subsection (a) or (b)(1) of § 455.  510 U.S. at 556.  A reasonable member of the public would not question the impartiality of the undersigned based merely upon her rulings in connection with petitioner's motion to suppress (Doc. 30), and petitioner's motion to dismiss indictment (Doc. 32).

Accordingly, petitioner's motion to recuse is **DENIED**.


**DONE and ORDERED** this 18th day of May, 2006.


/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE