IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KENNY LEE MATHESON, ) | |
| ) | |
| Petitioner, ) | |
| ) | CRIMINAL NO. 02-0161-CG |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent ) | |

**ORDER**

This matter is before the court on petitioner's motion requesting a <u>in camera</u> review of the grand jury minutes for petitioner's criminal case and the Government's response. (Docs. 177, 180). Upon consideration of all matters presented, and for the reasons stated herein, the petitioner's motion is due to be **DENIED**.

**I.      BACKGROUND**

On December 20, 2002, a jury found the petitioner guilty of conspiracy to possess with intent to distribute more than 50 grams of crack cocaine, in violation of 21 U.S.C. § 846 (Count One); possession with intent to distribute 100 grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count Three); and using, carrying and possessing six firearms during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) (Count Five).  (Doc. 56 at 2). The court sentenced petitioner to a term of 262 months on each of Counts One and Three, to be served concurrently, and a term of 60 months on Count Five to be served consecutively, for a total term of 322 months.  On appeal, the petitioner challenged the district court's denial of his motion to suppress evidence obtained in a search of defendant's home.  (Doc. 101).  The

1

Eleventh Circuit affirmed petitioner's conviction and sentence.  (Id.).  Since then, the petitioner has filed an array of unsuccessful motions.

Petitioner now claims that a review of the grand jury transcripts would reveal that co-defendant Dwight Anderson was the confidential informant in this case.  Additionally, the petitioner claims that Officer Joseph M. Wolfe relied on the information from Anderson in drafting the search warrant of the petitioner's residence, which ultimately led to his arrest and conviction.  The petitioner contends that this information would show he was not guilty of the conspiracy for which he was convicted, because the person he was alleged to have conspired with was an alleged government agent.

## II.     LEGAL STANDARD

As a general rule, grand jury proceedings are kept secret and may only be disclosed under very limited circumstances. See generally United States v. Aisenberg, 358 F.3d 1327 (11th Cir. 2004).  Federal Rule of Criminal Procedure 6(e)(3)(E) authorizes disclosure to a defendant of a grand jury matter "preliminarily to or in connection with a judicial proceeding."  FED. R. CRIM. P. 6(e)(3)(E)(I).  The Supreme Court and the Eleventh Circuit "have recognized that the district courts have inherent power beyond the literal wording of Rule 6(e)(3) to disclose grand jury material and that Rule 6(e)(3) is but declaratory of that authority. . . . Nonetheless, [the Eleventh Circuit has] also indicated that courts are not empowered to act outside of Rule 6(e) in other than exceptional circumstances consonant with the rule's policy and spirit."  Aisenberg, 358 F.3d at 1347 (citations and internal quotations omitted).  Disclosure of grand jury transcripts requires a showing of "a compelling and particularized need." Id. at 1348.  More specifically, a party seeking grand jury transcripts bears the burden of showing that: (1) "the material they seek is

needed to avoid a possible injustice in another judicial proceeding"; (2) "the need for disclosure is greater than the need for continued secrecy"; and (3) their request is structured to embrace only material so needed.  Aisenberg, 358 F.3d at 1347-48 (citations omitted).

## III.   ANALYSIS

Petitioner submits that he needs the grand jury transcripts to support his appeal of a denial of a motion to reconsider a denial of a motion for a new trial that is currently pending before the Eleventh Circuit.  (Docs. 168, 177).  First, the grand jury transcripts have no bearing on petitioner's present appeal, which concerns whether the district court had jurisdiction to deny petitioner's motion for reconsideration.[1]  Next, because there was more than one defendant in this case, the evidence necessarily concerned other people and possibly matters not pertaining to defendant.  Finally, petitioner's request is not structured to embrace only necessary material; rather, it includes all of the grand jury transcripts in this case.  Accordingly, petitioner cannot establish that the material he seeks is needed to avoid a possible injustice in another judicial proceeding, that the need or disclosure is greater than the need for continued secrecy and that

---

[1] Petitioner's arguments center upon the contention that the grand jury transcripts will show that one of petitioner's co-defendants, Dwight Anderson, was the confidential informant in this case. (Doc. 177).  Petitioner asserts that because Officer Wolfe relied on information from Anderson in obtaining the search warrant for petitioner's residence, which ultimately led to petitioner's arrest and convictions on drug and gun charges, he should be innocent of the conspiracy charge under United States v. Lively, 803 F.2d 1124 (11th Cir. 1986).  While it is true that a person cannot conspire with a government informer who secretly intends to frustrate the conspiracy, id. at 1126, petitioner's contention is without merit.  The time frame for the conspiracy alleged in petitioner's indictment covered from "on or about September 1, 2001, and continuing through on or about February 22, 2002." (Doc. 1).  The evidence adduced in the trial reflects that Anderson was arrested and began to cooperate on February 22, 2202, the last day of the conspiracy charged. (Doc. 83).  As such, Anderson was involved in a conspiracy with petitioner prior to becoming an informant.

petitioner's request is structured to cover only material so needed.[2]

## CONCLUSION

For the reasons stated herein, petitioner's motion requesting a <u>in</u> <u>camera</u> review of petitioner's grand jury minutes (Doc. 177) is hereby **DENIED**.

**DONE and ORDERED** this 10th day of July, 2007.

/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] This court has denied two previous motions for release of grand jury transcripts filed by petitioner, finding that petitioner has no particularized need for access to grand jury information. (Docs. 145, 157).